# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANGIE MURPHY COLLIER            CIVIL ACTION

VERSUS            NO. 13-425-SDD-SCR

JOHN ROBERTS, SID J. GAUTREAUX, III,
AND XYZ INSURANCE COMPANY

## RULING

This matter is before the Court on the *Motion to Stay*[1] filed by the Defendants, Deputy John Roberts, individually and in his capacity as a deputy with the East Baton Rouge Sheriff's Office, and Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish. Plaintiff, Angie Murphy Collier, has filed an *Opposition* to the motion.[2] For the reasons which follow, the Court finds that this matter should be STAYED pending resolution of the criminal proceedings in state court.

**I.    Background**

The Plaintiff claims that, on March 14, 2013, Deputy Roberts responded to an inaccurate report that she had committed felony theft of a jar of gel powder used for manicures. Plaintiff contends this powder is worth less than $40. Plaintiff further claims that when she answered the door to Deputy Roberts, he demanded her version of events

---

[1] Rec. Doc. No. 15.

[2] Rec. Doc. No. 20.

regarding the stolen powder. Plaintiff alleges that she attempted to explain but was interrupted by Deputy Roberts and instructed to produce some identification, with which she complied. Plaintiff alleges that, without provocation, Deputy Roberts began cursing at her, handcuffed her, physically seized her by the neck, and forced her to the ground. While handcuffed and on the ground, Plaintiff claims Deputy Roberts used his TASER gun on her twice, and as Deputy Roberts allegedly forced Plaintiff into the police car, he threatened to use the TASER gun again. Plaintiff was charged with felony theft, resisting an officer, and battery of a police officer.

Plaintiff filed suit in this Court against the Defendants under 42 U.S.C. § 1983 for using excessive force against her in violation of her rights under both the United States and Louisiana Constitutions, along with various state law claims. The Defendants filed a *Motion to Dismiss*[3] to which Plaintiff filed an *Opposition*.[4] The Defendants subsequently filed a *Motion to Stay*[5] these proceedings under *Heck v. Humphrey* and relevant jurisprudence.[6]

Plaintiff opposes the stay on the grounds that she has been advised by the state prosecutor in charge of her case that the felony theft charge, the only felony charged, will be dismissed. Plaintiff also contends a stay of this proceeding would prejudice her interests by causing an "unnecessary and prolonged delay during which evidence could

---

[3] Rec. Doc. No. 7.

[4] Rec. Doc. No. 9.

[5] Rec. Doc. No. 15.

[6] 512 U.S. 477, 114 S.Ct. 2364 (1994).

Doc 554                                          2

be lost."[7] Plaintiff further argues that her claims against the defendants "are viable beyond the sphere of criminal guilt and innocence."[8]

## II. Law and Analysis

In *Heck v. Humphrey*, the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question."[9] Furthermore, "[a] § 1983 claim falls under the rule in *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence."[10]

Clearly, the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.[11] However, "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended."[12] The Supreme Court has held that "*Heck* does not bar 'an action which would impugn *an anticipated future conviction*.'"[13]

---

[7] Rec. Doc. No. 20, p. 6.

[8] *Id.* at pp. 6-7.

[9] *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

[10] *Id.* at 102.

[11] *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

[12] *Id.*

[13] *Grant v. Dailey*, No. 11-1374, 2012 WL 368709, at *2 (E.D. La. Feb. 3, 2012)(quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)(emphasis in original)).

There are multiple criminal charges pending against Plaintiff in state court arising out of the March 14, 2013 incident. Even if the felony theft charge is dismissed, as Plaintiff suggests will happen, she remains charged with resisting an officer and battery of a police officer. As such, the Court finds that a stay of this action is appropriate pending the resolution of Plaintiff's criminal charges in state court. As the Fifth Circuit stated in *Bush v. Strain*, "the question of whether *Heck* bars excessive force claims requires a fact-intensive analysis to determine if 'success on the excessive force claims requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.'"[14] A criminal conviction does not bar a Section 1983 claim "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim."[15]

Plaintiff's pending charges of resisting an officer and battery of a police officer are of a type and character that a conviction on these charges may bar this Section 1983 action.[16] Should Plaintiff be convicted of resisting arrest and/or battery of a police officer, such conviction(s) might prohibit recovery with respect to her excessive force claim

---

[14] *Id.*, quoting *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

[15] *Bush*, 513 F.3d at 498. (*See e.g.*, *Ballard v. Bruton*, 444 F.3d 391, 400-401 (5th Cir. 2006)(where Fifth Circuit held that a plaintiff's excessive force claim was conceptually distinct from his conviction for simple assault: "A finding that [defendant's] use of force was unreasonable would not necessarily mean that [plaintiff] did not attempt by physical menace to put [defendant] in fear of imminent serious bodily harm.").

[16] *See Caldwell v. Lambert*, No. 3:10-0526, 2010 WL 3036041, at *3 (W.D. La. June 30, 2010)(staying Section 1983 case pursuant to *Heck* where plaintiff was charged with two counts of resisting arrest by interfering); *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)(holding that *Heck* barred plaintiff's claim for excessive force "because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.").

because the conviction could imply that the Defendant's use of force was reasonable under the circumstances.[17]  Therefore, this suit is STAYED pending the outcome of Plaintiff's state criminal charges.

### III.   Conclusion

The *Motion to Stay* is hereby GRANTED.[18]  This matter is STAYED and ADMINISTRATIVELY CLOSED.  Either party may file a written motion to re-open this case within thirty (30) days of the final disposition of Plaintiff's outstanding criminal charges.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 15 day of October, 2013.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[17] *See Wilson v. Dailey*, No. 11-117, 2011 WL 2637183 (E.D. La. July 6, 2011); *Walker v. Dailey*, No. 11-1385, 2011 WL 5182894 (E.D.La. Oct. 31, 2011).

[18] Rec. Doc. No. 15.